UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELA DEBOSE,
    Plaintiff,

Case No. 8:24-cv-02433 - SDM-NHA

v.

PRIMERICA LIFE INSURANCE COMPANY,
    Defendant.

_____

## MOTION TO REMAND TO STATE COURT AND TO SET IMMEDIATE HEARING

Plaintiff Angela DeBose files her Motion to Remand this case to the state court. This cause comes before the Court on a Notice of Removal filed by Defendant, Primerica Life Insurance Company. ("Primerica") on October 21, 2024 pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446 to remove the case to this Court. Primerica only filed the Notice of Removal in the state court action and no other paper. Primerica has not answered the state court verified complaint nor filed any defensive response. The Plaintiff has not named any other defendant (individual or entity) in her state court complaint. The Defendant's Answer is due in state court on October 23, 2024. Its counsel has not filed a notice of appearance. In moving for remand, Plaintiff states as follows in her Memorandum of Law:

### MEMORANDUM OF LAW

#### I. BACKGROUND

At the last moment or proverbial eleventh hour, Primerica removed this case, invoking diversity of citizenship and/or amount in controversy. The Verified Complaint includes no

allegation of any federal question violation, cites state statutes, and invokes state concerns. Immediate remand is required to proceed in state court, requiring this Defendant to Answer.

## II. STANDARD

The federal court must remand the case to state court if it appears at any time that the federal court lacks subject-matter jurisdiction. 28 U.S.C. 1447(c). Federal district courts have original jurisdiction over actions in which the citizenship of the parties is *completely* diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing federal jurisdiction. See *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is based on diversity jurisdiction, Courts may look to the complaint, notice of removal, and any other relevant papers to determine whether the amount of controversy is satisfied. See *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Uncertainties concerning jurisdiction are resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides:**

> **[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.**

Id. § 1446(b)(3).

## II. ARGUMENT

The Defendant's Removal should fail under an inquiry as to whether this Court has subject matter jurisdiction.

Subject Matter Jurisdiction

District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); see also *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The Constitution provides concurrent federal jurisdiction in actions between "citizens of different states." In the case of *Strawbridge v. Curtis*, 7 U.S. 267 (1806), the Supreme Court interpreted this language to require what has come to be known as "complete" diversity in federal jurisdiction. For federal jurisdiction to exist, each and every defendant in an action must be a citizen of a different state from that of any named plaintiff.

Incomplete diversity of citizenship

28 U.S.C. § 1332(a)(1) states in pertinent part: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States;

Under Section 1441: (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.

Primerica is a financial services company in the U.S. and Canada. Primerica does business in every state, plus Washington, D.C., Puerto Rico, and Guam. It derives its citizenship from its

individual members and will be considered a citizen of every state of which one of its members is a citizen for diversity purposes. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Riley v. Merrill Lynch*, 292 F.3d 1334 (11th Cir. 2002). Therefore, Primerica with Florida locations[1] doing substantial business in the state, breaks complete diversity jurisdiction. "[A]ctions cannot be removed based on diversity if any defendant is a citizen of the forum state." *Bouie v. American General Life and Accident Ins. Co.*, 199 F. Supp.2d 1259, 1262 n.4 (N.D. Fla. 2002). Thus, a Florida defendant sued in a Florida state court cannot remove a case to federal court based on diversity jurisdiction. The Plaintiff is a Florida resident. The decedent, Patricia Ann Washington, was a Florida resident. All beneficiaries are Florida Residents. There are no nondiverse Plaintiffs. Because the Defendant is a citizen of the same state as the Plaintiff and there are no other defendants, complete diversity does not exist. Removal was improper. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-7 (9th Cir. 2010). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party

---

[1] Boca Raton, Delray Beach, Doral, Hialeah, Jacksonville, Miami Lakes, Orlando, Pembroke Pines, and Tampa.

has filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995). As there is incomplete diversity between the Plaintiff and Defendant, the case must be remanded to state court.

Amount in controversy

Title 28 U.S.C. § 1441 permits defendants to remove to federal court any state court action falling within the subject matter jurisdiction of the federal courts—that is, any case that could have been brought originally in federal court. Title 28 U.S.C. § 1332, in turn, grants federal district courts jurisdiction over cases where complete diversity of citizenship exists among the parties **and** where the amount in controversy exceeds $75,000, even if the case raises only state law claims. A federal court should not lightly conclude that a controversy between two nondiverse parties raising only state law claims properly belongs in federal court. If and only if Primerica has satisfied or made a showing of complete diversity, the court must also address whether § 1332's amount-in-controversy requirement is satisfied. Plaintiff will not address it here. It is the Defendant's burden to prove "to a legal certainty" the amount in controversy. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Lack of Federal Question

When the removing party invokes federal question jurisdiction, the propriety of removal is governed by the allegations within the removed petition, not other papers. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)("The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint. The rule makes the plaintiff the master of the claim.") Because plaintiffs control the allegations within their petition, they may avoid federal jurisdiction by relying exclusively on state law. *Id.* The face

5

of the complaint raises no federal question. The Plaintiff's claims are solely based on state law. There is no substantial federal question to support removal.

Supplemental Jurisdiction

The Court nevertheless must determine whether it would exercise supplemental jurisdiction over the state-law claims in the case. If this Court were to decline the exercise of supplemental jurisdiction, then the state court may proceed to determine the state-law claims. When supplemental jurisdiction exists under 1367(a), the district court may decline to exercise supplemental jurisdiction in certain circumstances:

(1) The claim raises a *novel or complex* issue of State law,
(2) The claim *substantially* predominates over the claim or claims over which the district court has original jurisdiction,
(3) The district court has dismissed all claims over which it has original jurisdiction, or
(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c) (emphasis added). The Court should find that the state-law claims raise novel issues of state law and substantially predominate—even if over what may or may not be a combined-state-and-federal claim(s). Furthermore, federal courts, as a matter of comity, should not venture to interpret state laws. Determination by the state court is especially important where the case involves novel and unsettled issues of state law," (quoting *Grano v. Barry*, 733 F.2d 164, 236 U.S. App. D.C. 72 (D.C. Cir. 1984)).

Forum Defendant Rule

The forum defendant rule provides that an action removable on the basis of diversity jurisdiction "may not be removed if any of the parties in interest ***properly joined and served*** as defendants is a citizen of the [forum] State." 28 U.S.C. § 1441(b)(2)(emphasis added). *See North v. Precision Airmotive Corp.*, 600 F. Supp.2d 1263, 1270 (M.D. Fla. 2009); *Visalus, Inc. v. Then*, Case No. 3:13-cv-109-J-99TJC-MCR (M.D. Fla. Jul. 12, 2013). Because the Defendant is a citizen

of the state where the lawsuit was filed ("forum defendant"), it cannot generally remove the case based on diversity jurisdiction. There is no non-forum defendant.  The forum-defendant rule clearly contemplates the Plaintiff's ability to defeat Defendant's purported right of removal in this case. It is undisputed that Primerica has been served before its Notice to remove this case.  The forum-defendant rule barred removal. In the face of such gamesmanship on the part of the Defendant perhaps to avoid answering Plaintiff's verified petition, the Court should decline to exercise supplemental jurisdiction over state-law claims.

<u>Defendant has not proven that removal is proper</u>

The Defendant appears to rely on 28 U.S.C. § 1446(b) in filing a notice of removal to remove a case that "is **not** removable." Id (emphasis added). "[I]t is axiomatic that removal statutes, which confer jurisdiction on the federal district courts, must be strictly construed." *Chevy Chase Bank, F.S.B. v. Carrington*, Case No. 6:09-cv-2132-Orl-31GJK, at *2 (M.D. Fla. May. 10, 2010). It is the removing party's burden to prove that removal is proper, and any doubts concerning the propriety of removal must be resolved in favor of remand to state court. *Tran v. Waste Mgmt., Inc.*, 290 F. Supp. 2d 1286, 1291–92 (M.D. Fla. 2003).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court to remand the case back to state court and require Defendant to make payment of just costs and any actual expenses incurred as a result of the removal.  Plaintiff requests an immediate hearing to be set for as early as practical.

Dated this **22nd** day of October, 2024.　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Angela DeBose*
　　　　　　　　　　　　　　　　　　　　　　　　Angela DeBose

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **22nd** day of October, 2024, the above and foregoing was filed with the Clerk of the Court and electronic notifications will be sent to parties of record.

/s/ *Angela DeBose* *Angela DeBose*
1107 W. Kirby Street
Tampa, Florida 33604
Telephone: (813) 932-6959
Email: awdebose@aol.com